# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN REYNOLDS, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 3:13-396 |
| | § |
| CAROLYN W. COLVIN, | § |
| Acting Commissioner of | § |
| Social Security, | § |
| | § |
| *Defendant*. | § |

## ORDER TO RESUBMIT
## PLAINTIFF'S BRIEF PURSUANT TO GENERAL ORDER NO. 18

Throughout the "Plaintiff's Brief Pursuant to General Order No. 18" (Dkt. No. 11), plaintiff is referred to only as "Alan."

Parties and other persons whose names are mentioned during proceedings in courts of law should be referred to respectfully and impersonally – by appropriate title and surname – absent a court order or demonstrated good cause.[1] Referring to one's client informally and only by given name is condescending, and such practice degrades decorum and dignity of formal court proceedings just as surely as if the defendant Commissioner of Social Security were referred to only as "Carolyn," or the judge who decided this case administratively were referred to as "Robert."

---

[1] Good cause might exist when several participants in a court proceeding share the same last name, or when names of persons under age 18 are mentioned, or whenever necessary to eliminate confusion.

Such practice also connotes a degree of personal friendship and affection between attorney and client that can be perceived or intended as an unprofessional affirmation of a client's credibility and character. Counsel should represent clients zealously, but they have a correlative duty to temper their speech to insure that courts of law accomplish that for which they are created – dispensing justice in a reasonable, efficient and fair manner without bias, prejudice or sympathy.

It is, therefore, **ORDERED:**

1. Plaintiff's counsel shall resubmit Plaintiff's Brief Pursuant to General Order No. 18 on or before JUNE 23, 2014.

2. Such brief shall be identical, substantively, stylistically, grammatically and organizationally, to the original, except that it shall delete all references to plaintiff solely by his first or given name.[2]

4. If submitted within the time specified above, such brief will be deemed filed *nunc pro tunc* as of the date the original Plaintiff's Brief Pursuant to General Order No. 18 was filed.

5. Defendant shall not respond to plaintiff's resubmitted brief except on motion and a showing of good cause.

SIGNED this   29   day of     May     2014.

                                                           Earl S. Hines
                                                           United States Magistrate Judge

---

[2] Examples of permissible substitutions are (1) "plaintiff," (2) "claimant," (3) "Mr. Reynolds," (4) "Reynolds," (5) "Alan Reynolds" and (6) similar respectful and impersonal references that do not constitute an improper effort to influence the court.